**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**DIVISION**

| | |
|---|---|
| STEWART SMITH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br>   vs. <br><br> AMERICAN INCOME LIFE INSURANCE COMPANY, ARIAS-DLABIK AGENCY LLC and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No. 2:22-cv-2345 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] <br> 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] <br><br> **DEMAND FOR JURY TRIAL** |

   Plaintiff, STEWART SMITH ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against Defendants, AMERICAN INCOME LIFE INSURANCE COMPANY ( "American Income"), and ARIAS-DLABIK AGENCY LLC ("Arias") upon information and belief based upon personal knowledge:

**INTRODUCTION**

   1. Plaintiff's Class Action Complaint is brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

   2. Plaintiff, individually, and on behalf of all others similarly situated, brings this

**FIRST AMENDED CLASS ACTION COMPLAINT**

Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, thereby violating the TCPA, 47 U.S.C. § 227.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3.      The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless

of the type of call….” *Id.* at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6.      In a recent decision, the Supreme Court interpreted the term “automatic telephone dialing system” and held that “[t]o qualify as an ‘automatic telephone dialing system,’ a device must have the capacity either to store a telephone number using a random or sequential generator *or* to produce a telephone number using a random or sequential number generator.” *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163, 1167 (2021) (emphasis added).

7.      In *Duguid*, the Supreme Court provided an example of such systems, stating: “For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time.” *Id.* at 1171-72, fn. 7.

8.      Further, both *Duguid* and the legislative history of the TCPA are clear that the original focus on prerecorded voice technology prohibition was the fact that such communications involved agentless calls, not on the question of whether a literal voice was used during those agentless calls. *See* Hearing Before the Subcommittee on Communications of the Committee on Commerce, Science and Transportation, United States Senate One Hundred Second Congress First Session July 24, 1992, Testimony of Robert Bulmash and Steve Hamm at pg. 11; 7 FCC Rcd. 8752 (F.C.C. September 17, 1992).

9.      The Sixth Circuit has also recognized this distinction: “Congress drew an explicit distinction between ‘automated telephone calls that deliver an artificial or prerecorded voice message’ on the one hand and ‘calls place by ‘live’ persons’ on the other.” *Ashland Hosp. Corp. v. Serv. Employees Int’l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 743 (6th Cir. 2013).

10.     Similarly, the FTC has observed that “prerecorded calls are by their very nature one-sided conversations, and if there is no opportunity for consumers to ask questions, offers

may not be sufficiently clear for consumers to make informed choices before pressing a button or saying yes to make a purchase." 73 FR 51164-01, 51167 (Aug. 29, 2008).

## JURISDICTION AND VENUE

11.     Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

12.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the state of Pennsylvania, and Plaintiff resides within this district.

## PARTIES

13.     Plaintiff, STEWART SMITH ("Plaintiff"), is a natural person residing in Willow Grove, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153 (39).

14.     Defendant American Income a life insurance company incorporated in Indiana and with its principal place of business in Texas, and is a "person" as defined by 47 U.S.C. § 153 (39).

15.     Defendant Arias is an insurance brokerage and independent agency that sells Defendant American Income's life insurance policy to consumers. Arias is incorporated in and maintains its principal place of business in Pennsylvania. Arias is a "person" as defined by 47 U.S.C. § 153 (39).

16.     The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to

amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

17.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

18.     Beginning on or about August 26, 2020, Plaintiff received calls from Defendant Arias on Plaintiff's cellular telephone number ending in -6860, in an attempt to solicit Plaintiff to purchase Defendants' services.

19.     These calls were placed by Defendant Arias on behalf of Defendant American Income.

20.     Specifically, Defendant Arias called Plaintiff on August 26, 2020, August 29, 2020, September 9, 2020, and twice on October 9, 2020.

21.     Defendants' calls were made using an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1).

22.     The telephone number that Defendants, or their agent, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23.     Defendant's text message constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

24.     During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

25.     Additionally, Plaintiff is not a customer of Defendant's services and has never provided any personal information, including his cellular telephone numbers, to Defendant for any purpose whatsoever.  In addition, Plaintiff has been registered on the Do-Not-Call Registry for at least thirty (30) days prior to Defendant contacting him.  Accordingly, Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on their cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

26.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the two proposed class (together, "The Classes").

27.     Plaintiff represents and is a member of, the ATDS Class, defined as follows:

> All persons within the United States who received any solicitation/telemarketing messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls, or who had revoked such consent, within the four years prior to the filing of the original Complaint in this Action through the date of class certification.

28.     Plaintiff also represents, and is a member of, the DNC Class, defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent not had a prior established business relationship, who received more than one phone call or text message from or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the Complaint through the date of class certification.

29.     Defendants, their employees and agents are excluded from The Classes.  Plaintiff does not know the number of members in The Classes, but believes the Classes' members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of members of the Classes are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes include thousands of members. Plaintiff alleges that The Classes' members may be ascertained by the records maintained by Defendants.

31.     Plaintiff and members of the ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and the ATDS Class members via their cellular telephones thereby causing Plaintiff and the ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and the ATDS Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members.

32.     Common questions of fact and law exist as to all members of the ATDS Class which predominate over any questions affecting only individual members of the ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

  a.  Whether, within the four years prior to the filing of the original Complaint in this Action, Defendants sent any telemarketing/solicitation messages (other than those

made for emergency purposes or made with the prior express consent of the called party) to an ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendants should be enjoined from engaging in such conduct in the future.

33.     As a person that received a telemarketing/solicitation message from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the ATDS Class.

34.     Plaintiff and members of the DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the DNC Class members via their cellular telephones for solicitation purposes, thereby invading the privacy of Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not Call Registry. Plaintiff and the DNC Class members were damaged thereby.

35.     Common questions of fact and law exist as to all members of the DNC Class which predominate over any questions affecting only individual members of the DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a. Whether, within four years prior to the filing of the complaint through the date of class certification, Defendants or their agents made more than one solicitation call to the members of the DNC Class whose telephone numbers were on the

National Do-Not-Call Registry for over thirty days and who had not granted

prior express consent to Defendants and did not have an established business

relationship with Defendants;

b. Whether Defendants obtained prior express written consent to place solicitation

calls to Plaintiff's or the DNC Class members' telephones;

c. Whether Plaintiff and the DNC Class members were damaged by Defendants'

conduct, and the extent of damages for such violation; and

d. Whether Defendants and their agents should be enjoined form engaging in such

conduct in the future

36.     As a person whose phone number was registered on the National Do-Not-Call

Registry for at least thirty days, did not give Defendants express prior consent and did not have

a prior business relationship with Defendants, but received more than one phone call on behalf

of Defendants during the applicable period, Plaintiff is asserting claims that are typical of the

DNC Class. Plaintiff will fairly and adequately represent and protect the interest of the DNC

Class in that Plaintiff has no interests antagonistic to any member of the DNC Class.

37.     Plaintiff will fairly and adequately protect the interests of the members of The

Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

38.     A class action is superior to other available methods of fair and efficient

adjudication of this controversy, since individual litigation of the claims of all members of the

Classes is impracticable.  Even if every member of the Classes could afford individual litigation,

the court system could not.  It would be unduly burdensome to the courts in which individual

litigation of numerous issues would proceed.  Individualized litigation would also present the

potential for varying, inconsistent, or contradictory judgments and would magnify the delay and

expense to all parties and to the court system resulting from multiple trials of the same complex

factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Classes.

39.    The prosecution of separate actions by individual members of the classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Classes not parties to such adjudications or that would substantially impair or impede the ability of such non-party members of the Classes to protect their interests.

40.    Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of The Classes as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(b)

### On Behalf of the ATDS Class

41.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-40.

42.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227(b)(1)(A).

43.    As a result of Defendants' negligent violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.     Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

**On Behalf of the ATDS Class**

45.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

46.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227(b)(1)(A).

47.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48.     Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

**On Behalf of the DNC Class**

49.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-48.

50.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5)

51.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

52.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibit such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

**On Behalf of the DNC Class**

53.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

54.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5)

55.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

56.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibit such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

**On Behalf of the ATDS Class**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

**On Behalf of the ATDS Class**

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct

in the future.

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(c)

### On Behalf of the DNC Class

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(c)

### On Behalf of the DNC Class

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each DNC Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## **TRIAL BY JURY**

58.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 14th Day of June, 2022.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:     /s/ Todd M. Friedman
        Todd M. Friedman (SBN 310961)
        Attorney for Plaintiff
        Law Offices of Todd M. Friedman, P.C.
        21550 Oxnard Street, Suite 780
        Woodland Hills, CA 91367
        Phone: 323-306-4234
        Fax: 866-633-0228
        tfriedman@toddflaw.com